IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT STILTNER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 21-CV-0374-GKF-CDL |
| | ) |
| SCOTT NUNN, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Before the Court is Respondent Scott Nunn's motion (Dkt. 7) to dismiss as untimely the 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. 1) filed by Petitioner Robert Stiltner, a state inmate appearing *pro se*.[1] Having reviewed the petition, the dismissal motion, the brief in support of the dismissal motion (Dkt. 8) and Stiltner's response (Dkt. 9) in opposition to the dismissal motion,[2] the Court finds and concludes that the petition is untimely. The Court therefore grants Nunn's motion and dismisses the petition, with prejudice, as barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations.

---

[1] Because Stiltner appears without counsel, the Court liberally construes his filings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Further, while Stiltner styled his petition as one seeking relief under 28 U.S.C. § 2241, the Court agrees with Nunn that the petition must be construed as one seeking relief under 28 U.S.C. § 2254 because Stiltner challenges the validity of his state-court judgment. *See Leatherwood v. Allbaugh*, 861 F.3d 1034, 1041-42 (10th Cir. 2017) (discussing distinction between § 2241 petitions and § 2254 petitions filed by state prisoners).

[2] Stiltner timely filed the response in opposition to the dismissal motion on November 29, 2021. Two months later, he filed a "reply" to the dismissal motion (Dkt. 10) but the Court has not considered the "reply" in resolving the dismissal motion. This Court's local rules permit the party opposing a motion to file a response brief and the party who filed the motion to file a reply brief regarding new matters raised in the response brief. LCvR 7-1(e), (f). As the party opposing the dismissal motion, Stiltner is not permitted to file a reply brief. To the extent Stiltner intended his "reply" to be a supplemental response brief, he did not seek or obtain leave to file it, as required by LCvR 7-1(f). For these reasons, the "reply" (Dkt. 10) is hereby stricken.

## BACKGROUND

Stiltner brings this action to challenge his custody under the state-court judgment entered against him in the District Court of Tulsa County, Case No. CF-2018-2106. Dkt. 1, Pet. 1.[3] In that case, on March 1, 2019, Stiltner pleaded guilty to four counts of making a lewd or indecent proposal to a child, in violation of Okla. Stat. tit. 21, § 1123, two counts of soliciting a minor for indecent exposure/photos, in violation of Okla. Stat. tit 21, § 1021.5, and one count of soliciting a minor for indecent exposure/obscene mail, in violation of Okla. Stat. tit. 21, § 1021. Dkt. 8-1, J. and Sentence 1. The trial court imposed a 25-year prison sentence as to each count and ordered the sentences to be served concurrently. Dkt. 8-1, J. and Sentence 1-2. The trial court advised Stiltner of his appeal rights. Dkt. 8-2, Docket Sheet 9; Dkt. 8-7, Order (June 9, 2021) 2. Stiltner did not move to withdraw his plea or otherwise seek direct review of his judgment. Dkt. 8-2, Docket Sheet 17; Dkt. 8-5, Order (Jan. 29, 2021) 1.

On March 19, 2020, more than one year after he was convicted and sentenced, Stiltner filed a motion in state district court requesting leave to check out transcripts. Dkt. 8-2, Docket Sheet 17. Nearly eight months later, on November 10, 2020, Stiltner filed a motion to vacate his judgment. Dkt. 8-3, Mot. to Vacate 1. Relying on *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020),[4] Stiltner claimed the trial court lacked jurisdiction over his prosecution because "either with treaties

---

[3] For consistency, the Court's citations refer to the CM/ECF header pagination.

[4] The *McGirt* Court determined that because Congress did not disestablish the Muscogee (Creek) Nation Reservation, the land within the boundaries of that reservation is "Indian country," as defined in 18 U.S.C. § 1151(a), and Native Americans who commit crimes enumerated in the Major Crimes Act, 18 U.S.C. § 1153(a), within the boundaries of the Muscogee (Creek) Nation Reservation are subject to prosecution in federal court rather than state court. *McGirt*, 140 S. Ct. at 2459-60, 2474-79. The *McGirt* Court also acknowledged that 18 U.S.C. § 1152 "provides that federal law applies to a broader range of crimes by or against Indians in Indian country," and that "[s]tates are otherwise free to apply their criminal laws in cases of non-Indian victims and defendants, including within Indian country." 140 S. Ct. at 2479.

with the United States . . . and/or 18 U.S.C.A. § 1151, § 1153 operate to deny the State of Oklahoma criminal jurisdiction." Dkt. 8-3, Mot. to Vacate 1-2. The state district court construed the motion as an application for postconviction relief, construed Stiltner's claim as challenging the trial court's jurisdiction under *McGirt*, found that Stiltner "failed to offer any proof that he is an 'Indian' for purposes of invoking an exception to state jurisdiction," and denied the application. Dkt. 8-4, Order (Nov. 13, 2020) 1-3. Stiltner filed a postconviction appeal, and the Oklahoma Court of Criminal Appeals (OCCA) affirmed the denial of postconviction relief. Dkt. 8-5, Order (Jan. 29, 2021) 1. The OCCA reasoned the district court properly denied relief because, even if Stiltner's "crimes occurred in Indian Country," Stiltner "made no claim that either he or the victims of his crimes are Native American." Dkt. 8-5, Order (Jan. 29, 2021) 3.

Stiltner filed a second application for postconviction relief on June 8, 2021. Dkt. 8-6, Appl. 1. In this application, Stiltner claimed he was deprived of his Fifth and Fourteenth Amendment rights to due process when he was prosecuted by the State of Oklahoma because his crimes occurred within the boundaries of the Muscogee (Creek) Nation Reservation and the "Treaty of 1866" between the Muscogee (Creek) Nation and the United States "prescribed prosecution only by the Creek Nation." Dkt. 8-6, Appl. 3-4. The state district court denied the application, reasoning that Stiltner's claim was procedurally barred (1) by res judicata because Stiltner previously raised, and the state district court rejected, "the issue of Indian Country jurisdiction" and (2) by waiver, to the extent Stiltner was presenting a new argument to support his jurisdictional claim, because he failed to show why he could not have raised that argument in his first application for postconviction relief. Dkt. 8-7, Order (June 9, 2021) 4. Stiltner filed a postconviction appeal, and the OCCA affirmed the denial of postconviction relief. Dkt. 8-8, Order (Aug. 6, 2021) 1. The OCCA agreed that the claim presented was "procedurally barred because it was, or could have

been, presented earlier." Dkt. 8-8, Order (Aug. 6, 2021) 2.

On September 10, 2021, Stiltner filed the petition, seeking federal habeas relief on the same claim he raised in his second application for postconviction relief. He asserts that his convictions are "void" because "[t]reaties between the Muscogee (Creek) Nation and the United States exclude state criminal jurisdiction." Dkt. 1, Pet. 6, 10-12. Nunn moves to dismiss the petition, arguing that Stiltner's claim is barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations. Stiltner contends the petition is timely or, if not, should be deemed timely for equitable reasons.

## *DISCUSSION*

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year statute of limitations for state prisoners seeking federal collateral review of a state-court judgment under 28 U.S.C. § 2254. The limitation period "run[s] from the latest of" one of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Regardless of which provision governs the commencement date, the limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). An application for postconviction relief or other collateral review is "properly filed," for purposes of statutory tolling, "when its delivery and acceptance are in compliance with the applicable [state] laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

4

But a properly filed application for postconviction relief or other collateral review tolls the limitation period only if it is filed before the one-year limitation period expires. *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006). Because the AEDPA's one-year limitation period is not jurisdictional, federal courts may, in some circumstances, toll the limitation period for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 645 (2010).[5]

### I. The petition is barred by the one-year statute of limitations.

Nunn contends the petition is untimely under 28 U.S.C. § 2244(d)(1)(A), that no other provision of § 2244(d)(1) provides a later commencement date for Stiltner's one-year limitation period, and that Stiltner has not shown that equitable tolling is warranted. Dkt. 8, Resp't's Br. 3-8. Stiltner does not appear to suggest that his petition is timely under § 2244(d)(1)(A). Instead, he argues that his one-year limitation period commenced at a later date, under either § 2244(d)(1)(C) or § 2244(d)(1)(D), and, with the benefit of statutory tolling, the petition is timely. Dkt. 9, Resp. 1-2. Alternatively, he contends that if the petition is untimely, the circumstances of this case warrant equitable tolling. Dkt. 9, Resp. 2.

#### A. The petition is untimely under 28 U.S.C. § 2244(d)(1)(A).

The parties appear to agree, and the Court finds, that the petition is untimely under § 2244(d)(1)(A). Under that provision, the one-year limitation period commences on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

---

[5] Aside from equitable tolling, federal courts also may excuse noncompliance with the statute of limitations if the petitioner makes "a credible showing of actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). But even with the benefit of liberal construction, the Court does not read the petition or response to the dismissal motion as asserting an actual-innocence claim.

Stiltner had 10 days from March 1, 2019, the date of his sentencing hearing, to file a motion to withdraw his guilty plea and request an evidentiary hearing if he intended to file a certiorari appeal seeking direct review of his judgment. *Clayton v. Jones*, 700 F.3d 435, 441 (10th Cir. 2012) (noting that an "application to withdraw guilty plea and the evidentiary hearing are both necessary and critical steps in securing [a certiorari] appeal" (quoting *Randall v. State*, 861 P.2d 314, 316 (Okla. Crim. App. 1993)); Rule 4.2(A), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2019) (requiring defendant convicted on guilty plea to file motion to withdraw guilty plea within 10 days of sentencing if defendant intends to appeal). Because he did not move to withdraw his plea before the 10-day period expired, Stiltner's judgment became final on March 11, 2019. His one-year limitation period, under § 2244(d)(1)(A), commenced the next day, March 12, 2019, and, absent any tolling events, expired on March 12, 2020. *See Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011) (discussing calculation of the AEDPA's one-year limitation period). Stiltner filed two applications for postconviction relief, one on November 10, 2020, and one on June 8, 2021. Because he filed both after his one-year limitation period expired, neither tolled the limitation period. *Clark*, 468 F.3d at 714. Thus, Stiltner cannot benefit from statutory tolling and the petition, filed September 10, 2021, is untimely under § 2244(d)(1)(A). Unless Stiltner can show that a later commencement date applies or that his circumstances warrant equitable tolling, relief on the claim asserted in the petition is barred by the statute of limitations.

  **B. 28 U.S.C. § 2244(d)(1)(C) does not apply.**

Stiltner first contends that the petition is timely because his one-year period commenced at a later date, under § 2244(d)(1)(C), and he is entitled to statutory tolling for the time he spent pursuing state postconviction remedies. Dkt. 9, Resp. 1-2. Under § 2244(d)(1)(C), the one-year limitation period begins on "the date on which the constitutional right asserted was initially

recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Stiltner argues that the Supreme Court "made a new jurisdictional ruling in *McGirt v. Oklahoma*, 140 S. Ct. 2452 [2020] and the [Supreme] Court's holding in *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016) requires retroactive application of *McGirt*." Dkt. 9, Resp. 1. Thus, in his view, his one-year limitation period commenced on July 9, 2020, when *McGirt* was decided, he had until July 9, 2021, to file a timely petition raising a jurisdictional claim and, with the benefit of statutory tolling, the petition is timely. Dkt. 9, Resp. 1-2.

Drawing on the petition and his second application for postconviction relief, the Court construes Stiltner's sole challenge to the validity of his state-court judgment as asserting that he was denied his Fifth and Fourteenth Amendment rights to due process when he was prosecuted in state court because treaties between the Muscogee (Creek) Nation and the United States "exclude state criminal jurisdiction" and the "Treaty of 1866" expressly provides that only the Muscogee (Creek) Nation has criminal jurisdiction over crimes committed within the Muscogee (Creek) Nation Reservation. Dkt. 1, Pet. 6; Dkt. 8-6, Appl. 3-4. With this understanding of his claim, the Court finds that § 2244(d)(1)(C) does not apply.

Significantly, the constitutional right Stiltner asserts in the petition, i.e., the due process right to be prosecuted by a court of competent jurisdiction, was neither "initially recognized" nor "newly recognized" by the Supreme Court in *McGirt*. As previously noted, the *McGirt* Court determined that because Congress did not disestablish the Muscogee (Creek) Nation Reservation—as that reservation was established through various treaties between the United States and the Muscogee (Creek) Nation—the land within the boundaries of that reservation is "Indian country," as defined in 18 U.S.C. § 1151(a). Based on that determination, the *McGirt*

7

Court explained that (1) "the [Major Crimes Act] applies only to certain crimes committed in Indian country by Indian defendants," (2) 18 U.S.C. § 1152 "provides that federal law applies to a broader range of crimes by or against Indians in Indian country," and (3) "[s]tates are otherwise free to apply their criminal laws in cases of non-Indian victims and defendants, including within Indian country." 140 S. Ct. at 2479. Thus, while the *McGirt* Court's recognition of the continued existence the Muscogee (Creek) Nation Reservation can fairly be described as "new," the *McGirt* Court did not newly recognize a criminal defendant's constitutional right to be tried by a court of competent jurisdiction.

Because the *McGirt* decision did not recognize any new constitutional right relevant to Stiltner's claim, § 2244(d)(1)(C) does not apply and the Court declines to consider Stiltner's additional argument that a Supreme Court case decided four years before *McGirt* requires retroactive application of *McGirt*.

### C.     28 U.S.C. § 2244(d)(1)(D) does not apply.

Alternatively, Stiltner contends that § 2244(d)(1)(D) provides a later commencement date for his one-year limitation period and that his petition is timely with the benefit of statutory tolling. Dkt. 9, Resp. 2. Under § 2244(d)(1)(D), the one-year limitation period commences on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Stiltner argues this provision applies because "the factual predicate is adjudication of the fact that the Muscogee (Creek) Nation [R]eservation had not been disestablished by Congress" and he appears to argue that he could not have discovered this fact until *McGirt* was decided given "decades of practice by Oklahoma and Federal authorities indicating the reservation did not exist." Dkt. 9, Resp. 2. He further argues that "with this factual adjudication, [he] was able to formulate and advance his claim" and, with the benefit of statutory

8

tolling, his petition is timely under § 2244(d)(1)(D).  Dkt. 9, Resp. 2.  Though not entirely clear, it appears Stiltner is therefore asserting, again, that his one-year limitation period began on July 9, 2020, and, but for statutory tolling, would have expired on July 9, 2021, thus making his petition timely under § 2244(d)(1)(D).  Dkt. 9, Resp. 2.

The Court finds that § 2244(d)(1)(D) does not apply.  Even accepting Stiltner's argument that *McGirt* decided a fact necessary to his claim—namely, the fact that the location where he committed his crimes is within the boundaries of the Muscogee (Creek) Nation Reservation—this argument ignores the remaining language in § 2244(d)(1)(D).   Critically, this provision focuses on when a petitioner exercising reasonable diligence "could have" discovered the factual predicate of his or her claim, not when a specific petitioner actually discovered the factual predicate of his or her claim.  *See Madrid v. Wilson*, 590 F. App'x 773, 776 (10th Cir. 2014) (unpublished)[6] (explaining that § 2244(d)(1)(D)'s reasonable-diligence requirement is "an 'objective standard' that refers to when a plaintiff 'could have' discovered the pertinent facts, not when she [or he] actually discovered them" (quoting *United States v. Denny*, 694 F.3d 1185, 1189 (10th Cir. 2012)).

Here, the decisions in *McGirt* and *Murphy v. Royal*, 875 F.3d 896 (10th Cir. 2017), *aff'd sub nom. Sharp v. Murphy*, 140 S. Ct. 2412 (2020), show that a reasonably diligent petitioner could have discovered the facts necessary to challenge Oklahoma's criminal jurisdiction before *McGirt* was decided in 2020.  *See McGirt*, 140 S. Ct. at 2459 (noting that Jimcy McGirt raised a state postconviction challenge alleging "that the State lacked jurisdiction to prosecute him because he is an enrolled member of the Seminole Nation of Oklahoma and his crimes took place on the Creek Reservation"); *Murphy*, 875 F.3d at 905-07 (noting that the habeas petitioner, Patrick Murphy,

---

[6] The Court cites this unpublished decision as persuasive authority.  Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

first asserted his challenge to Oklahoma improperly exercising jurisdiction in Indian country, contrary to the Major Crimes Act, in an application for postconviction relief filed in state court in 2004). Relevant to Stiltner's apparent reliance on language in the "Treaty of 1866," the United States Court of Appeals for the Tenth Circuit discussed the 1866 treaty between the Muscogee (Creek) Nation and the United States and concluded, in 2017, that the petitioner's conviction and death sentence were "invalid" because the petitioner "is an Indian and because the crime occurred in Indian country," namely, within the boundaries of the Muscogee (Creek) Nation Reservation as those boundaries were established in 1866. *Murphy*, 875 F.3d at 933, 965-66.

Because a reasonably diligent petitioner could have discovered facts pertinent to a claim challenging Oklahoma's criminal jurisdiction regarding crimes committed within the boundaries of the Muscogee (Creek) Nation even before *McGirt* was decided in 2020, § 2244(d)(1)(D) does not provide Stiltner a later commencement date for his one-year limitation period.

D.  **Equitable tolling is not warranted.**

Finally, Stiltner contends that his circumstances warrant equitable tolling of the one-year limitation period. To obtain equitable tolling, a habeas petitioner must allege specific facts demonstrating (1) that he diligently pursued his federal claims and (2) that extraordinary circumstances prevented him from filing a timely federal habeas petition. *Holland*, 560 U.S. at 649; *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Stiltner argues that "Oklahoma erroneously exercised jurisdiction with the cooperation and complicity of the federal government" because "[b]oth State and Federal authorities believed that no reservations existed still in Oklahoma," until *McGirt* was decided by the Supreme Court. Dkt. 9, Resp. 2. He further argues that he diligently pursued his jurisdictional claim because "[n]o amount of due diligence would have resulted in finding that the land upon which the crime occurred was a reservation until the United States

10

Supreme Court so held" in *McGirt*. Dkt. 9, Resp. 2.

The Court disagrees. Even if the Court adopts Stiltner's apparent characterization of Oklahoma's unlawful exercise of criminal jurisdiction in Indian Country as an extraordinary circumstance, the Court cannot find that that circumstance prevented Stiltner from filing a timely federal habeas petition or that he diligently pursued his claim. As just discussed, the United States Court of Appeals for the Tenth Circuit reached the same conclusion as the *McGirt* Court regarding the existence of the Muscogee (Creek) Nation Reservation when it issued the *Murphy* decision in November 2017. This was over one year before Stiltner pleaded guilty in state court to crimes he claims he committed within the boundaries of the Muscogee (Creek) Nation Reservation. Moreover, on the facts presented, the Court cannot say that Stiltner diligently pursued his jurisdictional claim after he purportedly first became aware of it in July 2020. Stiltner filed his first application for postconviction relief in state court in November 2020, about five months after *McGirt* was decided. Then, after the OCCA affirmed the denial of the first application, Stiltner waited nearly five more months before he filed his second application for postconviction relief raising the *McGirt*-related claim he reasserts in his habeas petition. Notably, both state courts concluded that Stiltner either did, or could have, raised his second claim in the first application for postconviction relief that he filed on November 10, 2020. Dkts. 8-7, 8-8. Neither of Stiltner's arguments in favor of equitable tolling cause this Court to question the state courts' conclusions on that point. On the record presented, the Court therefore denies Stiltner's request for equitable tolling of the one-year limitation period.

### E. Conclusion

In sum, the petition is untimely under 28 U.S.C. § 2244(d)(1)(A), Stiltner has not shown that his one-year limitation period commenced at a later date under either § 2244(d)(1)(C) or

§ 2244(d)(1)(D), and Stiltner has not shown that his one-year limitation period should be tolled for equitable reasons.

## II. Even if not time-barred, the jurisdictional claim would be denied on the merits.

Alternatively, even if Stiltner could overcome his failure to comply with the one-year statute of limitations, the Court would deny the petition because the jurisdictional claim fails on the merits. *See Holland*, 560 U.S. at 645 (noting that the AEDPA's statute of limitations "does not set forth 'an inflexible rule requiring dismissal whenever' its 'clock has run'" (quoting *Day v. McDonough*, 547 U.S. 198, 208 (2006))).

As previously discussed, Stiltner's claim is that he committed his crimes within the boundaries of the Muscogee (Creek) Nation Reservation and therefore, under the Treaty of 1866, he should have been prosecuted by the Muscogee (Creek) Nation, not the State of Oklahoma. Dkt. 1, Pet. 6; Dkt. 8-6, Appl. 3-4. Stiltner presented this claim to the OCCA in his second application for postconviction relief, and the OCCA applied a procedural bar—either res judicata or waiver, or both—to deny relief. Dkt. 8-8, Order (Aug. 6, 2021).

"Federal habeas review is generally barred where the prisoner 'defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule,' unless the prisoner can demonstrate cause for the default and 'actual prejudice' resulting from the alleged violation." *Smith v. Duckworth*, 824 F.3d 1233, 1242 (10th Cir. 2016) (quoting *Thacker v. Workman*, 678 F.3d 820, 835 (10th Cir. 2012)). To the extent the OCCA's decision rests on application of its waiver rule, the claim is procedurally defaulted. *See Thacker*, 678 F.3d at 835-36 (recognizing Oklahoma's waiver rule as an independent and adequate procedural rule for purposes of barring federal habeas review). To the extent the OCCA's decision rests on its application of res judicata, the claim is not procedurally defaulted. *See Davis v. Workman*, 695 F.3d 1060, 1073 (10th Cir.

12

2012) ("A state court's invocation of res judicata does not, however, create a procedural bar to relief under § 2254."). Even assuming Stiltner procedurally defaulted his claim, the Court "exercises its discretion to bypass the procedural bar and reject the claim on the merits." *Id.*

When Stiltner asserted a jurisdictional claim in his first application for postconviction relief, expressly relying on *McGirt*, the state district court found that Stiltner "failed to offer any proof that he is an 'Indian' for purposes of invoking an exception to state jurisdiction," and denied the application. Dkt. 8-4, Order (Nov. 13, 2020) 1-3. The OCCA affirmed the denial of relief, reasoning that even if Stiltner's "crimes occurred in Indian Country," Stiltner "made no claim that either he or the victims of his crimes are Native American." Dkt. 8-5, Order (Jan. 29, 2021) 3. The state courts' findings that Stiltner's case did not involve a Native American defendant or victim are presumed correct and Stiltner has presented no evidence (or argument) in this proceeding to rebut that presumption. *See* 28 U.S.C. § 2254(e)(1) (providing that "a determination of a factual issue made by a State court shall be presumed to be correct" and that the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence"). As a result, he cannot show that he is entitled to relief on his claim that his state-court judgment is void for lack of criminal jurisdiction. *See McGirt*, 140 S. Ct. at 2460 ("[N]othing we might say today could unsettle Oklahoma's authority to try non-Indians for crimes against non-Indians on the lands in question."). Consequently, even if noncompliance with the statute of limitations did not bar relief, the Court would conclude that the petition should be denied.

### ***CONCLUSION***

Based on the foregoing analysis, the Court concludes that the petition is untimely and relief on the jurisdictional claim asserted therein is barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations. The Court further concludes, in the alternative, that the jurisdictional claim would

fail on the merits. Given that Nunn seeks dismissal based on noncompliance with the statute of limitations, the Court grants Nunn's dismissal motion, and dismisses the petition for writ of habeas corpus, with prejudice, as barred by the one-year statute of limitations   Lastly, because the Court finds that reasonable jurists would not disagree with its determination that Stiltner's claim is time-barred, or with its assessment of the merits of that claim, the Court denies a certificate of appealability. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c); Rule 11, *Rules Governing Section 2254 Cases in the United States District Courts*.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Stiltner's "reply" (Dkt. 10) is hereby **stricken**.
2. Nunn's motion to dismiss (Dkt. 7) is **granted**
3. The petition for writ of habeas corpus (Dkt. 1) is **dismissed with prejudice** as barred by the one-year statute of limitations.
4. A certificate of appealability is **denied**.
5. A separate judgment shall be entered in this matter.

**DATED** this 29th day of March 2022.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE